IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

TONYA WOMACK, )
 )
 Plaintiff, )
 )
 v. ) Case No. 10-2312-WEB
 )
DELAWARE HIGHLANDS ASSISTED )
LIVING, LLC, )
 )
 Defendant. )

MEMORANDUM AND ORDER

Defendant Delaware Highlands Assisted Living filed a Motion to Dismiss pursuant to Rule 12(b)(6). (Doc. 15). Defendant argues that plaintiff did not file her complaint within 300 days after the alleged unlawful practice, and since filing within 300 days is a prerequisite to filing a civil suit, plaintiff's claims are barred. Plaintiff argues that she is entitled to equitable tolling, and set forth facts in her response to support this argument. Defendant argues that plaintiff is not allowed to bring in facts outside of the complaint in a motion to dismiss.

In a motion to dismiss, the court must accept as true well pleaded factual allegations, but also consider whether "they plausibly give rise to an entitlement to relief." Ashcroft v. Iqubal, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009). It is not the court's role to weigh potential evidence that the parties might present at trial, but rather to determine whether the plaintiff's complaint states a legally sufficient claim upon which the court can grant relief. Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). "The mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a

1

reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

The Supreme Court held that timely filing a complaint before the EEOC was not jurisdictionally required to maintain suit in the district court. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Tenth Circuit held that the requirement of an EEOC filing, as opposed to a timely filing of an EEOC complaint, remains a jurisdictional requirement. Knopp v. Magaw, 9 F.3d 1478, 1479 (10th Cir. 1993). Therefore, since plaintiff in the case at hand filed an EEOC complaint, albeit untimely, the plaintiff has met the jurisdictional requirement.

Although the court has jurisdiction, the question is now whether the claim is time barred. Defendant argues that since the EEOC claim was not filed within the 300 days, the claims are time barred. In National Railroad Passenger Corp. V. Morgan, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002), the Supreme Court held that "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period - 180 or 300 days - set forth in 42 U.S.C. § 2000e-5(e)(1)." Id. at 121. This rule applies to bar a plaintiff from suing on claims for which no administrative remedy was sought when the actions occurred more than 300 days before the filing of the plaintiff's administrative complaint. Id. at 114. "The requirement that a plaintiff file a timely civil action after the disposition of an individual EEO complaint is not a jurisdictional requirement, bur rather is subject to waiver, estoppel, and equitable tolling." Harms v. IRS, 321 F.3d 1001, 1006 (10th Cir. 2003). The plaintiff bears the burden to prove that the time limitations should be equitably tolled. Johnson v. Glickman, 155 F.Supp.2d 1240, 1246 (D.Kan. 2001).

Defendant submitted a copy of plaintiff's charge of discrimination, filed on February 22, 2010, as an exhibit to the motion to dismiss. Plaintiff submitted additional facts, not included in the Amended Complaint, in her response. When a court considers and relies on material outside the pleadings, the court converts the motion to dismiss into a motion for summary judgment. Prince v. Philpot, 420 F.3d 1158, 1167 (10th Cir. 2005), Fed.R.Civ.P. 12(d). In the case at hand, the Amended Complaint does not contain any information regarding the details of plaintiff filing a complaint with the EEOC. This information is only obtained from the additional facts set forth in the plaintiff's response or the attachment to defendant's motion. The plaintiff has not set forth any facts in the Amended Complaint to support a claim for equitable tolling.

Therefore, the court has one of two choices. The court can convert the motion to dismiss into a motion for summary judgment, or the court can address the merits of the defendant's Rule 12(b)(6) motion, which will result in the court granting the motion. If the court converts the motion into one for summary judgment, the court must notify the parties to allow a reasonable time to present material. Fed.R.Civ.P. 12(d). Since both parties submitted matters outside of the pleading to the court for consideration in the motion to dismiss, the court converts the motion to dismiss to a motion for summary judgment. The parties have until April 1, 2011, to file any additional material that is pertinent to the motion.

IT IS SO ORDERED this 3rd day of March, 2011.

   s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Court Judge