IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

TONYA WOMACK,               )
                            )
            Plaintiff,      )
                            )
      v.                    )     Case No. 10-2312-WEB
                            )
DELAWARE HIGHLANDS ASSISTED )
LIVING, LLC,                )
                            )
            Defendant.      )

MEMORANDUM AND ORDER

This matter is before the court on defendant's Motion to Dismiss for Failure to State a Claim. (Doc. 12 and 15). On March 3, 2011, the court issued an Order, finding that the parties had submitted matters outside of the pleadings, and converted the motion to dismiss to a motion for summary judgment. The parties were provided time to submit additional argument and evidence. The case is now ripe for review.

I. Facts

For the purposes of defendant's Motion for Summary Judgment, the following facts are uncontroverted, deemed admitted, or, where disputed, viewed in the light most favorable to the plaintiff.

1. Plaintiff was terminated from her employment at Delaware Highlands Assisted Living, LLC on March 10, 2009. (Doc. 16-2).

2. Plaintiff, acting on her own behalf and without the assistance of counsel, filed an administrative charge with the EEOC on May 4, 2009, alleging race discrimination. (Doc. 16-3, p. 1).

1

3. Plaintiff was informed by the EEOC investigator that her claim could include a retaliatory discharge claim. It was recommended that she amend her complaint. (Doc. 16-1).

4. Plaintiff called the EEOC to verify her October 1, 2009 appointment date. She was informed that the investigator had left his employment, and that she would be assigned a new investigator. She was instructed to call back after the start of the new year. (Doc. 16-1).

5. Plaintiff alleges she inquired into amending her charges, and she was informed that she did not need to do anything at that time.[1] (Doc. 16-1).

6. Plaintiff met with the new investigator in February, 2010, and was told that it was too late to amend her charge. (Doc. 16-1).

7. The EEOC file contained a charge of discrimination for retaliation. The document was not signed or dated. It is unclear who filled out the document. (Doc. 26-4).

8. The EEOC dismissed plaintiff's discrimination charge on April 30, 2010. (Doc. 16-3, p. 3).

9. On February 22, 2010, plaintiff filed an administrative charge with the EEOC alleging retaliatory discharge. (Doc. 16-4, p. 1).

10. The EEOC dismissed plaintiff's retaliatory discharge claim on or about March 5, 2010, as untimely. (Doc. 16-4, p. 3).

---

[1]The notes of the investigator assigned after the beginning of 2010, Anna Wise, do not support this statement. Wise's notes from a telephone conversation with Womack on January 13, 2010, state, "CP provides that she was supposed to meet with Larry Warren in November 2009 to discuss amending charge. When called she was told he had retired. Spoke to Natascha DeGuire, she stated the case would be assigned in 2 months. Asked why she did not bring up retaliation when she spoke to Ms. DeGuire? CP stated thought she had to tell her case worker. I stated would review with supervisor. However, at this time Retaliation charge is untimely, outside 300 days. If file charge, it will be dismissed. CP wants to file charge." (Doc. 26-3, p. 1).

11. Plaintiff filed this action, alleging retaliation in violation of the ADEA, and retaliation in violation of the Kansas Act Against Discrimination.

II. Standard of Review

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Fed.R.Civ.P. 56(c)(2). A fact is "material" if under the substantive law it is essential to the proper disposition of the claim. Wright ex rel. Trust Co. of Kansas v. Abbott Laboratories, Inc., 259 F.3d 1226, 1231-1232 (10th Cir. 2001), quoting Adler v. Wal-Mart Stores, 144 F.3d 664, 670 (10th Cir. 1998). "An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Adler, 144 F.3d at 670. The court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgement. Atl. Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138, 1148 (10th Cir. 2000). The burden of showing that no genuine issue of material fact exists is borne by the moving party. E.E.O.C. v. Horizon / MS Healthcare Corp., 220 F.3d 1184, 1190 (10th Cir. 2000). Once the moving party meets the burden, the nonmoving party must demonstrate a genuine issue for trial on a material matter. Concrete Works, Inc. v. City & County of Denver, 36 F.3d 1513, 1517 (10th Cir. 1994).

III. Discussion

A plaintiff generally must exhaust his or her administrative remedies before pursuing a Title VII or ADEA claim in federal court. Khader v. Aspin, 1 F.3d 968, 970 (10th Cir. 1993).

To exhaust administrative remedies, an individual claimant must: (i) timely file a charge of discrimination with the EEOC, and (ii) receive notice of the right to sue. Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs., 165 F.3d 1321, 1326 (10th Cir. 1999); 42 U.S.C. § § 2000e-5(b), (c), (e), (f)(1). Charges must be filed within the appropriate time period - 180 or 300 days - set forth in 42 U.S.C. § 2000e-5(e)(1). National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 109, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). This rule applies to bar a plaintiff from suing on claims for which no administrative remedy had been sought when those incidents complained of occurred more than 300 days before the filing of the plaintiff's complaint. Id. at 114. This requirement is subject to waiver, estoppel, and equitable tolling. Harms v. IRS, 321 F.3d 1001, 1006 (10th Cir. 2003).

Equitable tolling is appropriate only where the circumstances of the case "rise to the level of active deception which might invoke the powers of equity to toll the limitations period." Cottrell v. Newspaper Agency Corp., 590 F.2d 836, 838-39 (10th Cir. 1979). The Tenth Circuit clarified that tolling was appropriate where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." Martinez v. Orr, 738 F.2d 1107, 1110 (10th Cir. 1984). Tolling is also appropriate when a plaintiff is "actively misled" or "has in some extraordinary way been prevented from asserting his or her rights." Wilkerson v. Siegfried Ins. Agency, Inc., 683 F.2d 344, 348 (10th Cir. 1982).

The 10th Circuit has allowed the EEOC filing deadline to be tolled when the employee has been misled by the EEOC. In Gray v. Phillips Petroleum Co., 858 F.2d 610 (10th Cir. 1988), the plaintiff met with the EEOC, and informed the EEOC that approximately 40 to 50 employees intended to come to the EEOC office and file charges. Id. at 616. The EEOC

4

director requested that Gray arrange a meeting with all the complainants at a larger facility, however, the earliest time the EEOC director could meet was beyond the limitations period. Id. Although the plaintiffs had previously been informed about the 180 day limitations period, they were not advised that the meeting date was beyond the limitations period. Id. The Tenth Circuit found that the EEOC "misled or at least lulled plaintiffs into inaction and that plaintiffs are entitled to equitably toll the 180 day limitations period." Id. It is also noteworthy that the Court found the defendant had not "shown that any significant prejudice would result should plaintiffs be allowed to proceed with their claim," since defendant was apprised of the filing and participated in the EEOC proceedings. Id.

In Martinez v. Orr, 738 F.2d 1107 (10th Cir. 1984), plaintiff received a letter from the EEOC stating he had a right to file a civil action within 30 days. Id. at 1111. The letter also gave the plaintiff options regarding reopening and reconsidering the decision. Id. The Tenth Circuit found the letter did not make clear that regardless of Martinez's decision, he had to file suit within 30 days, even if he requested reconsideration. Id. The Tenth Circuit found the letter misled and lulled Martinez into inaction. Id. at 1112. The Court also found that the defendant had not shown any significant prejudice in allowing Martinez to proceed with his claim. Id.

In the case at hand, Womack called the EEOC to schedule an appointment prior to the limitations period running. She was told the investigator assigned to her case had retired, and told to call back in three months. She asked what she needed to do regarding amending her complaint, and, according to her testimony, was told to wait until after the new year. Even if she did not inquire into amending her complaint, it is clear that more than 60 days passed before Womack's case was assigned a new investigator. Womack relied on the representations of the

EEOC, and did not call back until after the new year.  A jury could find that Womack did not pursue her claims within the limitations period because she relied  on the EEOC representation.  By the time  Womack was able to meet with a new investigator, the limitations period had expired.  Womack was not sleeping on her rights or failing to act diligently.  Drawing all reasonable inferences in favor of Womack, a jury could find Womack was lulled into inaction by the statements of the EEOC.

Additionally, the defendant in this case has not shown any prejudice from allowing plaintiff to proceed with her claim.  Womack is entitled to equitable tolling, and should be allowed to include her claims for retaliation in her complaint.

IV.  Conclusion

IT IS THEREFORE ORDERED defendant's Motion to Dismiss (Doc. 12 and 15), converted into a Motion for Summary Judgment, is denied.

IT IS SO ORDERED this 26th day of April, 2011.

    s/ Wesley E. Brown
Wesley E. Brown
Senior United States District Court Judge