IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

TONYA R. WOMACK,

                Plaintiff,

Vs.                                                    No.  10-2312-SAC

DELAWARE HIGHLANDS AL
SERVICES PROVIDER, LLC,

                Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's sealed motion for leave (Dk. 48) to file its motion for summary judgment, supporting memorandum and supporting exhibits under seal.  The defendant represents the factual basis of this employment discrimination case includes the plaintiff's alleged violations of the Health Insurance Portability and Accountability Act ("HIPAA"),  Pub.L. 104–191, 110 Stat.1936 (1996).   In meeting its summary judgment burden, the defendant says it must include "certain records and documents containing confidential patient information."  (Dk. 48, p. 1).  "[T]o protect patient confidentiality and comply with HIPAA," the defendant seeks leave to file under seal.  *Id.* at p. 2.

The confidentiality standard governing discovery and protective orders under Fed. R. Civ. P. 26(c) is different from the standard governing the sealing of matters that become part of the judicial record.  The latter standard is "much higher." *New Jersey and its Div. of Inv. v. Sprint Corp.*, 2010 WL 5416837 at *2 (D. Kan. Dec. 17, 2010).  This higher standard is aptly stated and explained in the following:

> It is well settled that federal courts recognize a common-law right of access to judicial records. This right derives from the public's interest in understanding disputes that are presented to a public forum for resolution and is intended to assure that the courts are fairly run and judges are honest. This public right of access, however, is not absolute. Because federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or a portion thereof. Documents should be sealed only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture.

*Carefusion 213, LLC, v. Professional Disposables, Inc.*, 2010 WL 2653643, at *1 (D. Kan. June 29, 2010) (footnotes, quotation marks and citations omitted). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Mann v. Boatwright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotation marks and citation omitted), *cert. denied*, 552 U.S. 1098 (2008). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D. Kan. 2007).

The defendant's motion fails to identify with specificity what matters in its proposed filings implicate patient confidentiality and HIPAA. From its own quick review of the motion and memorandum, the court has not come across any disclosure of confidential records or information from which patient identifying information has not been removed so as to protect patient confidentiality. The defendant's motion to seal fails to specify such matters in its summary judgment motion, supporting memorandum and supporting exhibits. Having failed to state that it is a joint or unopposed motion, the defendant's motion to seal must be accompanied by a memorandum and, in having

none, violates D. Kan. Rule 7.1(a). Absent a specific showing of significant, non-speculative harm as to overcome the presumption, the public certainly is entitled to know why, how and on what basis the court decides a summary judgment motion.

IT IS THEREFORE ORDERED that the defendant's sealed motion for leave (Dk. 48) to file its motion for summary judgment, supporting memorandum and supporting exhibits under seal is denied.

Dated this 27th day of March, 2012, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge